IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:14-CV-00075-FL

| | | |
|---|---|---|
| ABDU-SALIM GOULD, | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| JAMAL SUMMEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of Plaintiff Abdu-Salim Gould's ("Plaintiff") complaint [DE-1] pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, it is recommended Plaintiff's complaint be dismissed for failure to state a claim.

## I. BACKGROUND

Plaintiff, an inmate in the custody of the State of North Carolina, filed this action *pro se*, pursuant to 42 U.S.C. § 1983, against Defendant Jamal Summey ("Defendant"), alleging that Defendant is Plaintiff's court appointed counsel in a state criminal case and has provided ineffective assistance and neglected his case. Compl. [DE-1] at 3-6. Plaintiff seeks unspecified injunctive relief and monetary damages in the amount of $1.5 million dollars. *Id.* at 4-5.

## II. LEGAL STANDARDS

When a party is proceeding *in forma pauperis*, the court reviews the allegations of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C.

§ 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). Additionally, the Prison Litigation Reform Act of 1996 ("PLRA") limits the ability of prisoners to file civil actions without prepayment of filing fees. *See* 28 U.S.C. § 1915A. The PLRA requires the district court to engage in a preliminary screening process of any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review of Plaintiff's complaint under the PLRA, the court must identify "cognizable claims or dismiss the complaint, or any portion of the complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the

2

circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Plaintiff alleges that his court appointed attorney in a state criminal matter has provided ineffective assistance and neglected his case by, among other things, failing to petition the court for an expert related to Plaintiff's competency evaluation, failing to communicate with Plaintiff

3

regarding his case, failing to file motions as directed by Plaintiff, and prioritizing other cases above Plaintiff's case. Compl. at 3-6.

Section 1983 imposes liability on anyone who, under the color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. However, section 1983 is not a "source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (citations omitted). Thus, to state a cause of action under § 1983, a plaintiff must allege facts indicating a deprivation of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 49-50 (1988).

Construing Plaintiff's allegations in the light most favorable to him, and assuming Plaintiff has sufficiently asserted a constitutional deprivation, the complaint fails to state a claim under § 1983. A court-appointed attorney "'does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding,'" and is thus not subject to liability under section 1983. *Davis v. Reveley*, 439 F. App'x 235, 235 (4th Cir. 2011) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 317-19 (1981)); *see Fisher v. Chapman*, No. 5:11-CT-03026-FL, 2011 WL 2669282, at *3 (E.D.N.C. May 18, 2011) ("Private persons, including court-appointed attorneys, are generally unsusceptible to Section 1983 claims."), *adopted by* 2011 WL 2680484 (E.D.N.C. July 7, 2011). There is no allegation here that Defendant was acting under the color of state law. Moreover, there is no allegation that could be read to support a finding of state action by Defendant. *See Rodgers v. Waste Indus., Inc.*, No. 4:12-CV-294-FL, 2013 WL 4460265,

4

at *4 (E.D.N.C. Aug. 19, 2013) (explaining that private action may be found to constitute state action "(1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.") (quoting *Andrews v. Fed. Home Loan Bank*, 998 F.2d 214, 217 (4th Cir. 1993)), *aff'd*, 553 F. App'x 332 (4th Cir. 2014). Plaintiff alleges that Defendant saw Plaintiff "concealed under violation of privacy in front of state actors," Compl. at 4; however, this fails to demonstrate Defendant had "'a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions.'" *Fisher*, 2011 WL 2669282, at *3 (quoting *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999)). To the extent Plaintiff alleges state common law claims, it appears there is no diversity jurisdiction here, where both parties are citizens of North Carolina. *See* Compl. at 2; 28 U.S.C. § 1332. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

## IV. CONCLUSION

Based upon the foregoing, it is RECOMMENDED that Plaintiff's complaint be DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A for failure to state a claim.

The Clerk shall send copies of this Memorandum and Recommendation to Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the

District Court.

SUBMITTED, the __15__ day of January 2015.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

6