IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:14-CV-75-FL

| | | |
|---|---|---|
| ABDU-SALIM GOULD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMAL SUMMEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge Robert B. Jones Jr. (DE 6), pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that the court dismiss the case upon frivolity review under 28 U.S.C. §§ 1915(e)(2)(B). Plaintiff objected to the M&R, (DE 8), and in this posture, the matter is ripe for ruling. Also before the court is plaintiff's motion for appointment of counsel. (DE 11). For the reasons stated herein, the court denies plaintiff's motion for appointment of counsel and adopts the M&R as its own and dismisses the complaint as frivolous.

## BACKGROUND

On December 31, 2014, *pro se* plaintiff, who is currently incarcerated, filed complaint against defendant, plaintiff's court-appointed counsel in a now-pending state criminal matter, under 42 U.S.C. § 1983, alleging ineffective assistance of counsel and seeking unspecified injunctive relief and monetary damages in the amount of $1,500,000. (DE 1). In addition, plaintiff filed a motion to proceed *in forma pauperis*. (DE 2). With regard to plaintiff's *in forma pauperis* application, the Magistrate Judge granted plaintiff's motion. (DE 5).

Thereafter, on January 15, 2015, M&R was entered wherein it is recommended that, upon frivolity review, the court dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. In particular, the M&R notes plaintiff seeks relief against his court appointed counsel under § 1983 but fails to allege facts sufficient to satisfy the "state action" requirement of that statute. Plaintiff's objections followed. On January 29, 2015, plaintiff filed the instant motion for appointment of counsel

## DISCUSSION

A. Motion for Appointment of Counsel

Turning first to plaintiffs' motion for appointment of counsel, the court denies such motion. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). In this case the circumstances do not warrant appointing counsel, where the facts alleged in the complaint cannot state a claim under the applicable law.

B. Objections to the M&R

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or

2

in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Frivolous claims are those that lack "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). With regard to plaintiff's claim, § 1983 imposes liability on persons who, under color of state law, deprive a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 49-50 (1988). However, § 1983 is not a "source of substantive rights." Lambert v. Williams, 223 F.3d 257, 260 (4th Cir. 2000).

An appointed criminal defense attorney does not act under color of state law when performing a lawyer's "traditional functions as counsel to a defendant in criminal proceeding." See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); see also Davis v. Reveley, 439 F. App'x 235, 235 (4th Cir. 2011). Plaintiff, in his objections, suggests defendant violated his constitutional rights in a number of ways, including failure to notify plaintiff of his appearance in a timely manner, failure to secure a competency evaluation, failure to properly interview plaintiff, and "conspiring" with the assistant district attorney prosecuting the case. The numerous alleged Constitutional violations submitted by plaintiff squarely fall within the range of "traditional functions" of counsel. They relate to defendant's in-court conduct, defendant's strategy for plaintiff's case, and an attempt to secure plaintiff a favorable plea bargain. Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. The proper vehicle through which to address ineffective assistance of counsel is, in this case, 28 U.S.C. § 2254. See Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976). However, the court is without authority to construe the complaint as a petition for relief under § 2254, because there has been no judgment

3

of conviction in plaintiff's case. 28 U.S.C. § 2254(a) & (b).[1]

## CONCLUSION

Based on the foregoing, plaintiff's motion to appoint counsel is DENIED. (DE 11). In addition, upon *de novo* review of the M&R, the court ADOPTS the recommendation of the magistrate judge (DE 6), and plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). (DE 1). The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of January, 2015.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge

---

[1] As noted in the M&R, if the court were to construe the allegations in the complaint to as a legal malpractice claim, the court would be without jurisdiction to hear that claim, because both parties are residents of North Carolina. See 28 U.S.C. § 1332; (DE 6, at 5).